# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CARL OTIS SULLIVAN, ) | |
| ) | 2:05-CV-0448-RCJ-RJJ |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| WARDEN NEVINS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This matter coming before the Court on Respondents' Motion to Dismiss Petition for a Writ of Habeas Corpus (#28). The Court has considered the Motion, the pleadings on file, and oral argument on behalf of all parties. IT IS HEREBY ORDERED that Respondents' Motion to Dismiss (#28) is *granted*.

## BACKGROUND

On December 29, 1997, the district attorney charged Petitioner Carl Otis Sullivan ("Petitioner" or "Sullivan") by information with Count I – robbery with the use of a deadly weapon, Count II – burglary, and Count III – possession of stolen property. Sullivan pleaded guilty to robbery (<u>without</u> the use of a deadly weapon), burglary, and possession of stolen

property. On February 13, 1998, the state court sentenced Sullivan on Count I to 35–156 months; on Count II to 22–96 months, consecutive to Count I; and on Count III to 22–96 months, consecutive to the remaining counts. On February 13, 1998, the court filed the judgment of conviction. However, the judgment of conviction mistakenly stated that Sullivan was convicted of robbery <u>with</u> the use of a deadly weapon.

Sullivan appealed. On December 13, 1999, the Nevada Supreme Court denied the direct appeal. However, the court ordered the matter remanded for a corrected judgment of conviction to reflect a guilty plea and conviction for robbery, not robbery with the use of a deadly weapon. On January 10, 2000, remittitur issued.

On January 3, 2000, before the Nevada Supreme Court issued remittitur, the state district court issued a corrected judgment as follows: on Count I, robbery, to 35–156 months; on Count II, burglary, to 22–96 months, consecutive to Count I; and on Count III, possession of stolen property, to 22–96 months, consecutive to Counts I and II. On May 10, 2001, Sullivan filed a state post-conviction petition for writ of habeas corpus. On October 2, 2001, the state moved to dismiss the petition as untimely.

On December 11, 2001, the state district court vacated the original corrected judgment filed on January 3, 2000, because at the time it filed the corrected judgment it lacked jurisdiction to do so because the Nevada Supreme Court had not filed its remittitur. That same day, the state district court entered a second corrected judgment, which corrected the clerical error noted by the Nevada Supreme Court in the original judgment.

On July 12, 2002, Sullivan filed a supplemental state post-conviction petition. The court denied the state's motion to dismiss on August 6, 2002. The state filed its opposition to

the supplemental petition and motion for partial dismissal on September 17, 2002. On October 30, 2002, the state court denied the motion for partial dismissal and scheduled an evidentiary hearing.

In early August 2003, the state district court conducted an evidentiary hearing regarding Sullivan's state post-conviction petition (and supplemental state post-conviction petition). On August 27, 2003, the court orally denied Sullivan's petition on the merits. The court entered its findings of fact and conclusions of law in a written order on September 17, 2003. Sullivan immediately appealed.

On March 5, 2004, the Nevada Supreme Court affirmed the district court's denial of Sullivan's state habeas petition. The Nevada Supreme Court based its decision on two separate, independent grounds: (1) Sullivan's state habeas petition was untimely filed under Nevada Revised Statutes ("NRS") 34.726, and (2) Sullivan's petition lacked merit. Remittitur issued on March 30, 2004.

On March 25, 2005, Sullivan mailed, or handed to a correctional officer for the purpose of mailing, his federal petition for writ of habeas corpus. This Court granted Sullivan's request for appointment of counsel on November 4, 2005. The state now moves the Court to dismiss Sullivan's petition for writ of habeas corpus.

**DISCUSSION**

Three principal issues are currently before the Court regarding the validity of Sullivan's federal petition for writ of habeas corpus. First, the state argues that Sullivan's petition is untimely. Second, the state claims that the application of Nevada state procedural bars invalidates Sullivan's petition. Sullivan argues that any procedural bar should be

excused on the basis of cause and prejudice. Finally, the state asserts that various claims raised in Sullivan's petition are unexhausted.

I. **Timeliness**

The state argues that Sullivan's federal petition for writ of habeas corpus is untimely. To determine whether the petition is timely, the Court first looks to the Antiterrorism and Effective Death Penalty Act of 1996. The Court then addresses the applicability of statutory tolling as well as equitable tolling.

    A.    **AEDPA's Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) went into effect on April 24, 1996. To accelerate the federal habeas process, AEDPA imposed a one-year statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The following AEDPA provisions are relevant to determining timeliness in this case:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d).

    B.    **Date on Which AEDPA Statutory Period Began to Run Against Sullivan**

In order to determine whether Sullivan filed his federal petition for writ of habeas corpus within AEDPA's one-year deadline, the Court must pinpoint "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The state district court filed Sullivan's original judgment of conviction on February 13, 1998. Sullivan filed a timely appeal of the judgment with the Nevada Supreme Court. On December 13, 1999, the Nevada Supreme Court dismissed the direct appeal, but ordered the matter remanded to correct the error in the judgment of conviction. Although the state district court entered a corrected judgment of conviction on June 3, 2000, remittitur from the Nevada Supreme Court did not issue until June 10, 2000. Later realizing that it did not have jurisdiction to alter the judgment of conviction on June 3, 2000, the state district court vacated the first corrected judgment and re-entered it on December 11, 2001.

The state argues that the AEDPA statutory period began to run on March 14, 2000. The state notes that the Nevada Supreme Court dismissed Sullivan's direct appeal on December 13, 1999. A defendant has 90 days from the date of final judgment on direct appeal to seek *certiorari* with the United States Supreme Court. See Bowen v. Roe, 188 F.3d 1157, 1158–60 (9th Cir. 1999). The state claims that the AEDPA statutory period began to run on March 14, 2000, which marks 90 days after December 13, 1999, because it represents "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner argues that the state's argument is unpersuasive because Sullivan's "conclusion of direct review or the expiration of the time for seeking such review" must be connected to the entry of the final judgment of conviction by the state district court. The district court's entry of a corrected judgment of conviction on June 3, 2000, was invalid

because the court lacked jurisdiction to enter such a judgment until it received the remittitur from the Nevada Supreme Court. Therefore, the December 11, 2001, judgment should guide the Court's determination of when the AEDPA period began. The state argues that the remittitur and the date of the district court's corrected judgment are irrelevant because the date of the Nevada Supreme Court's decision is controlling. However, Petitioner notes that the AEDPA one-year statutory period does not begin to run until the expiration of available time for seeking direct review. Following the issuance of remittitur from the Nevada Supreme Court, which instructed the district court to correct the judgment of conviction, Sullivan claims that his appellate rights were still in tact. Sullivan argues that he had the right to appeal the corrected judgment of conviction if it did not comport with the requirements given to the district court in the remittitur. The district court entered the valid judgment of conviction on December 11, 2001. Sullivan claims that he had 30 days following the entry of that judgment to appeal. See Nev. R. App. P. 4(b). Therefore, according to Petitioner, the AEDPA statutory period began to run on January 12, 2002, because until that date, Sullivan had the right to appeal the district court's entry of the corrected judgment of conviction. Accordingly, absent applicable tolling, Sullivan claims that he had until January 12, 2003, to file his federal petition for writ of habeas corpus.

The Court makes no ruling as to whether the AEDPA limitations period began on March 14, 2000, as the state argues, or January 12, 2002, as Petitioner asserts. As demonstrated below, such a determination is irrelevant to the Court's ultimate determination with respect to this Motion. Even if the Court assumes that the AEDPA limitations period began to run on January 12, 2002, Sullivan's federal habeas petition was untimely. As shown

below, Sullivan's petition was untimely even assuming that the limitations period began on January 12, 2002, because Sullivan did not file his petition by January 12, 2003, and he was not entitled to sufficient statutory or equitable tolling so as to rescue his untimely petition.

### C. Statutory Tolling

Although Sullivan did not file his petition for writ of habeas corpus until March 25, 2005, he claims that his petition is timely because he is entitled to statutory tolling of the AEDPA one-year limitations period. The applicable statutory language, which requires tolling of the AEDPA limitations period during the pendency of state post-conviction review, states as follows:

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Petitioner thus argues that he is entitled to statutory tolling of the AEDPA one-year statute of limitations for the time during which his state post-conviction petitions were pending.

Sullivan filed his application for state post-conviction review on May 10, 2001. On March 5, 2004, the Nevada Supreme Court affirmed the district court's denial of Sullivan's state habeas petition. The Nevada Supreme Court based its decision on two separate, independent grounds: (1) Sullivan's state habeas petition was untimely filed under NRS 34.726, and (2) Sullivan's petition lacked merit. Remittitur issued on March 30, 2004. Sullivan filed his federal habeas petition on March 25, 2005. See Sullivan v. State, 96 P.3d 761 (Nev. 2004).

The state argues that the Nevada Supreme Court's decision on March 5, 2004, indicates that Sullivan's application for state post-conviction review was untimely, and thus not "properly filed" as required by AEDPA. The United States Supreme Court has held that "time limits, whatever their form, are 'filing' conditions," and thus a determination that an application for state post-conviction review is untimely means that "it was not 'properly filed,' and [the petitioner] is not entitled to statutory tolling under § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). As the state points out, the Nevada Supreme Court clearly held that Sullivan's application for collateral review was untimely pursuant to NRS 34.726(1), which states:

> Unless there is good cause shown for delay, a petition that challenges the validity of a judgment or sentence must be filed within 1 year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the Supreme Court issues its remittitur.

The Nevada Supreme Court held that Sullivan's application was untimely because the amended judgment of conviction did not restart the one-year time limit of NRS 34.726(1). Sullivan v. State, 96 P.3d at 764–65. The Nevada Supreme Court's decision thus makes Pace applicable to Sullivan's case because it held that his state post-conviction was untimely, see id., and thus it was not "properly filed" as required by 28 U.S.C. § 2244(d)(2). Because Sullivan's application for state post-conviction review was untimely, he is not entitled to statutory tolling of the one-year AEDPA limitations period during the pendency of his state collateral review. See Pace, 544 U.S. at 417.

Sullivan argues that Pace should not apply in this case. He asserts that the Nevada Supreme Court announced a new rule with respect to NRS 34.726(1) when it denied his petition for state post-conviction review. Accordingly, Sullivan claims that it would be

unfair to apply Pace because he had no way of suspecting that the Nevada Supreme Court would conclude from NRS 34.726(1) that his application for state collateral review was untimely. However, Pace clearly states that a violation of any time limit regarding state collateral review will prevent statutory tolling under AEDPA. See id. There is no mention of whether a defendant must have a reasonable expectation that his application is timely. Sullivan's argument is more applicable to equitable tolling than statutory tolling.[1] Because the Nevada Supreme Court found that Sullivan's application for state post-conviction review was untimely, Pace prevents him from receiving the benefit of statutory tolling under AEDPA because his federal habeas petition was not "properly filed."

Therefore, even assuming that Sullivan had until January 12, 2003, to file his federal habeas petition, statutory tolling does not make his petition timely. He did not file his federal habeas petition until March 25, 2005. Because Sullivan is not entitled to statutory tolling during the pendency of his state post-conviction petition, his federal petition is over two years late unless Sullivan can demonstrate that he is entitled to equitable tolling.

### D. Equitable Tolling

Sullivan argues that even if his current federal petition was filed after the expiration of the one-year AEDPA limitations period, the Court should nevertheless refrain from dismissing it on timeliness grounds. Sullivan claims that he is entitled to equitable tolling of the AEDPA limitations period.

---

[1] Sullivan also argues that because NRS 34.726 is not "adequate" for purposes of a procedural bar, it cannot provide the basis for determining that a petition is not "properly filed" for purposes of statutory tolling. This conflates the principle of procedural bars, which is discussed below, and the principle of statutory tolling. The two are independent of each other. Whether NRS 34.726 is "adequate" for purposes of a state procedural bar is irrelevant to a determination of whether statutory tolling applies.

A petitioner seeking equitable tolling must establish that "(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Extraordinary circumstances that are beyond a prisoner's control and that make it impossible for him to file a timely petition provide a sufficient basis for equitable tolling. See Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997). However, a "garden variety claim of excusable neglect" is insufficient to entitle the petitioner to equitable tolling of the statute of limitations. Irwin v. Dept. of Veteran Affairs, 498 U.S. 89, 96 (1990).

1. Diligence

Sullivan claims that he has been sufficiently diligent to merit equitable tolling. He notes that he immediately filed for direct review of his sentence and even filed for state post-conviction review before the state district court officially entered its final judgment of conviction as instructed by the Nevada Supreme Court. The state argues that Sullivan was not diligent because he did not file for state collateral review until May 10, 2001, even though the Nevada Supreme Court ordered the case remanded on December 13, 1999. However, Sullivan argues that he was not required to continue the direct review process, or begin the state post-conviction review process, until the state district court entered its corrected judgment of conviction. This case is unique in that the state district court entered corrected judgment before the Nevada Supreme Court issued remittitur. The district court did not realize its error until December 11, 2001. Because the district court erred, and did not enter official corrected judgment until December 11, 2001, this Court will not penalize Sullivan for the delay. Based on mistaken assurances from the state district court that the

final judgment of conviction was entered on January 3, 2000, Sullivan filed for post-conviction review on May 10, 2001. This occurred 7 months before the district court actually entered the official corrected judgment. Accordingly, for purposes of resolving the current motion, the Court determines that Petitioner acted with sufficient diligence for equitable tolling purposes.

        2.        <u>Extraordinary Circumstances</u>

In addition to diligence, Sullivan must establish that the delay in filing the instant habeas petition was due to extraordinary circumstances beyond his control. <u>See</u> <u>Pace</u>, 544 U.S. at 418; <u>Calderon (Beeler)</u>, 128 F.3d at 1288. Curiously, Sullivan only asserts that extraordinary circumstances existed between December 13, 1999, and December 11, 2001, even though he is likely entitled to equitable tolling well beyond that date.

        i.        <u>December 13, 1999 – December 11, 2001</u>

Sullivan only argues that extraordinary circumstances warranting equitable tolling existed between December 13, 1999 (the date of the Nevada Supreme Court's Order of Remand), and December 11, 2001 (the date that the trial court properly entered the final corrected judgment). Sullivan notes that although the Nevada Supreme Court remanded the case to the district court on December 13, 1999, remittitur did not issue until June 10, 2000. Therefore, the district court's corrected judgment entered on June 3, 2000, was improper for jurisdictional reasons. The district court realized its error, and entered the proper final judgment of conviction on December 11, 2001. Sullivan claims that he never received notice of the district court's June 3, 2000, corrected judgment. More importantly, Sullivan claims that his appellate rights, as well as his right to state collateral review, did not attach until the

district court officially entered the corrected judgment of conviction. Therefore, Sullivan argues that he cannot be penalized for any delay occurring between December 13, 1999, and December 11, 2001, because such delay was the result of the trial court's error in entering the proper judgment.

Even if the Court agrees with Sullivan on this issue, however, his federal habeas petition is untimely. As explained above, Pace demonstrates that Sullivan is not entitled to statutory tolling. Therefore, even if Sullivan receives equitable tolling until December 11, 2001, his federal petition (dated March 25, 2005) is untimely because Sullivan is not eligible for statutory tolling during the pendency of his application for state post-conviction review (May 10, 2001–March 5, 2004). Even if AEDPA's one-year statutory period is tolled until December 11, 2001 (or even January 12, 2002, including time to appeal the judgment), Sullivan's federal habeas petition is untimely because he did not file until March 25, 2005, and he is not entitled to statutory tolling. Sullivan's request for equitable tolling between December 13, 1999, and December 11, 2001, is thus moot.

          ii.         <u>December 11, 2001 – March 5, 2004</u>

Sullivan only requests equitable tolling until December 11, 2001. However, he could have made a strong case for extraordinary circumstances requiring equitable tolling all the way through March 5, 2004 (the date of the Nevada Supreme Court's denial of post-conviction review). Sullivan's application for state post-conviction review was continuously pending during this period. The parties stipulated that the final, proper corrected judgment (December 11, 2001) marked the beginning of the one-year statutory period under Nevada law for state post-conviction review. The state district court denied Sullivan's petition for

state post-conviction review purely on the merits. The district court never mentioned timeliness at all. The state never argued that Sullivan's petition was untimely before the district court or the Nevada Supreme Court. Nevertheless, on March 5, 2004, the Nevada Supreme Court explicitly held that Sullivan's petition for state post-conviction review was untimely under NRS 34.726. Sullivan v. State, 96 P.3d at 764–65. Sullivan claims that he could not have reasonably expected the Nevada Supreme Court to base its decision on these grounds.

Sullivan claims that there was no indication that the limitations period of NRS 34.726 does not restart with a corrected judgment. The Ninth Circuit agrees. In Collier v. Bayer, 408 F.3d 1279, 1283 (9th Cir. 2005), the Ninth Circuit stated, "We find nothing in either the plain language of Nev. Rev. Stat. 34.726 or the Nevada courts' interpretation of that statute to suggest that an amended judgment would not entitle Collier to a new one year time period to pursue habeas relief." The Collier court went on to explicitly note that the Nevada Supreme Court's ruling in Sullivan's case was the first indication that an amended or corrected judgment would not restart the relevant statute of limitations:

> The plain language of Nev. Rev. Stat. 34.726(1) does not distinguish between original judgments of conviction and amended judgments of conviction. Until recently, there was little in Nevada statutory or case law to offer guidance on this issue. Then, on September 3, 2004, the Nevada Supreme Court published an opinion holding that amended judgments of conviction do not *automatically* re-start the time clock under Nev. Rev. Stat. 34.726(1). *Sullivan v. Nevada*, 96 P.3d 761, 764 (Nev. 2004).

Collier, 408 F.3d at 1285. The stipulation, the proceedings before the district court, and the lack of existing case law regarding this issue all likely constitute extraordinary circumstances

meriting equitable tolling.² Sullivan could not have known that the Nevada Supreme Court would base its holding on timeliness grounds.

There are two issues that arise in conjunction with the application of equitable tolling based on the reasons mentioned above. First, Sullivan did not request equitable tolling beyond December 11, 2001. Thus, while it appears that equitable tolling might be appropriate, the Court is reluctant to apply on its own initiative equitable tolling beyond December 11, 2001. Second, even if the Court grants equitable tolling for these reasons, and assumes that the statutory period began on January 12, 2002, Sullivan's federal habeas petition is untimely. Sullivan would be entitled to equitable tolling because he could not have known that the Nevada Supreme Court would reject his petition for state collateral review on timeliness grounds. However, this argument fails once Sullivan was informed that the Nevada Supreme Court did in fact find his petition untimely under NRS 34.726. The Nevada Supreme Court issued its decision on March 5, 2004, although remittitur did not issue until March 30, 2004. Because Sullivan does not present any evidence that he (or his counsel) did not receive notice of the Nevada Supreme Court's decision on the date it was issued, the Court concludes that Sullivan was aware of the decision on March 5, 2004. On that date, Sullivan was on notice that the corrected judgment did not restart the limitations period of NRS 34.726, and that his application for state post-conviction relief was untimely. At that point, any extraordinary circumstances beyond Sullivan's control that made it impossible for him to file a timely federal petition were removed. See Calderon (Beeler), 128 F.3d at 1288. On March 5, 2004, Sullivan knew that his petition was untimely under Nevada

---

² While these circumstances warrant equitable tolling, they do not allow Sullivan to escape the application of Pace. Therefore, as explained previously, while equitable tolling might be appropriate, statutory tolling is not.

law. He did not have to wait for the remittitur to issue on March 30, 2004, to know that the Nevada Supreme Court had made such a determination. Therefore, any extraordinary circumstances warranting equitable tolling did not continue beyond March 5, 2004. Sullivan filed his federal petition for writ of habeas corpus on March 25, 2005. Because, at best, equitable tolling would allow Sullivan until March 5, 2005, to file his federal habeas petition, his petition is untimely. Thus, even if Sullivan is entitled to equitable tolling because it was impossible for him to know that the Nevada Supreme Court would find his state petition untimely, he did not file his federal petition within the one-year AEDPA limitations period.

## II.   State Procedural Bar

The state also argues that the Court should dismiss Sullivan's petition for writ of habeas corpus because it is subject to a state procedural bar. "The independent and adequate state ground doctrine prohibits the federal courts from addressing the habeas corpus claims of state prisoners when a state-law default prevented the state court from reaching the merits of the federal claims." Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir. 1991). States will not lose a procedural default if the state court issues an opinion that rests on independent state grounds, even if it alternatively considers the merits of the federal question. See Koerner v. Grigas, 328 F.3d 1039, 1051 (9th Cir. 2003). However, the failure of a litigant to comply with a state procedural rule cannot restrict federal review "unless the procedural default is independent of the federal claim and is adequate to warrant withdrawal of federal relief." Harmon v. Ryan, 959 F.2d 1457, 1461 (9th Cir. 1992). This is consistent with United States Supreme Court analysis which has focused procedural default inquiry on two main predicates—adequacy and independence. See Harris v. Reed, 489 U.S. 255, 260–61 (1989).

The state notes that the Nevada Supreme Court clearly based its March 5, 2004, ruling on independent procedural grounds. The procedural bar in NRS 34.726(1) was the basis for the Nevada Supreme Court's denial of Sullivan's petition for state post-conviction review. Accordingly, the state argues that Sullivan's federal habeas petition is procedurally barred. While Sullivan does not question the independence of the application of NRS 34.726 by the Nevada Supreme Court, he does question the adequacy of NRS 34.726 as a state bar in this case.

An "adequate" state procedural rule is one that is "clear, consistently applied, and well established at the time of the petitioner's purported default." Calderon v. United States District Court (Bean), 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994)). As Sullivan argues, the manner in which the Nevada Supreme Court applied NRS 34.726 was not "clear, consistently applied, and well established" during the pendency of Sullivan's petition for state collateral review. Id. The plain language of the statute does not address the effect of a corrected or amended judgment on the time limits for filing post-conviction petitions. Furthermore, as noted above, the Ninth Circuit explicitly stated that there was no indication, before Sullivan's case, that NRS 34.726 would prohibit a corrected judgment from restarting the statute of limitations applicable to state collateral relief. See Collier, 408 F.3d at 1283–85. The Collier court stated that, in 2005, the rule pronounced in Sullivan's case was too new to be considered well-established. Id. at 1285. If the rule was not well-established in Collier, which came a year after the Nevada Supreme Court's decision in Sullivan's case, it certainly was not well-established when Sullivan himself applied for state post-conviction review. Although the state argues that Collier erred

in concluding that the Nevada Supreme Court's decision in Sullivan's case constituted a new rule, this Court is bound by the Collier court's holding. Therefore, NRS 34.726 is not an "adequate" procedural bar invalidating Sullivan's federal habeas petition.[3]

### III. Exhaustion

Finally, the state argues that several of Sullivan's claims in his federal petition for writ of habeas corpus are unexhausted. Because there are no circumstances under which Sullivan's federal petition can be considered timely, the Court need not address the state's exhaustion argument.

### CONCLUSION

IT IS HEREBY ORDERED that Respondents' Motion to Dismiss Petition for a Writ of Habeas Corpus (#28) is *granted*.

DATED: August 11, 2006.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

---

[3] Sullivan also claims that the procedural bar is inapplicable on the basis of cause and prejudice. Because Collier clearly indicates that no state procedural bar applies, the Court does not need to address cause and prejudice.